UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISON
AT LONDON

CIVIL ACTION NO. _____

GRANGE MUTUAL CASUALTY
COMPANY                                                                                              PLAINTIFF

v.

FIESTA MEXICANA RESTAURANT OF CORBIN, KY, LLC
a/k/a FIESTA MEXICANA OF CORBIN, KY, LLC                                       DEFENDANT
     Serve:
          Angel L. Estrada, Registered Agent
          1855 Cumberland Falls Highway
          Corbin, KY 40701-2731

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Grange Mutual Casualty Company, for its Complaint for Declaratory Relief against Defendant, Fiesta Mexicana Restaurant of Corbin, KY, LLC a/k/a Fiesta Mexicana of Corbin, KY, LLC, states:

### I.     PARTIES AND JURISDICTION

1.     Plaintiff, Grange Mutual Casualty Company ("Grange"), is a corporation incorporated under the laws of the state of Ohio with its principal place of business in Ohio. Grange is authorized to conduct business in Kentucky.

2.     Defendant, Fiesta Mexicana Restaurant of Corbin, KY, LLC a/k/a Fiesta Mexicana of Corbin, KY, LLC ("Fiesta Mexicana") is a Kentucky Limited Liability Company with its principal place of business in Kentucky and whose sole Member is Angel L. Estrada. Mr. Estrada is a resident and citizen of London, Kentucky.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it involves citizens of different states and the amount in controversy, as described more fully below, exceeds the sum or value of $75,000, exclusive of interest and costs.

## II.   FACTUAL BACKGROUND AND REQUEST FOR DECLARATORY RELIEF

4. Grange is in the business of, among other things, issuing commercial insurance policies in Kentucky.

5. On or about March 21, 2017, Angel L. Estrada signed a Commercial Insurance Application ("the Application") for submission to Grange.

6. A true and correct copy of the Application is attached hereto as Exhibit A.

7. The Application identified Fiesta Mexicana of Corbin KY LLC as the Applicant.

8. Fiesta Mexicana of Corbin KY LLC is the same entity as Fiesta Mexicana Restaurant of Corbin, KY, LLC, which has been authorized to conduct business in Kentucky under Secretary of State Organization Number 0644928.

9. In the Application, Fiesta Mexicana requested the optional Liquor Liability coverage with limits of $1,000,000 for Each Common Cause and $2,000,000 Aggregate.

10. The Application stated a proposed effective date of 3/20/2017.

11. Grange issued Businessowners Policy No. BP 2707098-00 to Fiesta Mexicana, with a policy period from 03/20/17 to 03/20/18 ("the Policy").

12. A true and correct copy of the Policy is attached hereto as Exhibit B.

13. The Policy includes a Liquor Liability Coverage endorsement (form BP 04 89 01 10).

14. The Liquor Liability Coverage endorsement issued with the Policy states an Each Common Cause Limit of $1,000,000 and a Liquor Liability Aggregate Limit of $2,000,000.

15. In the Application, Fiesta Mexicana answered "No" to the following General Underwriting Information question: "3. Any policy or coverage declined, canceled or non-renewed during the past three years?"

16. The "No" answer to question 3 in the General Underwriting Information section of the Application was an incorrect statement.

17. In the Liquor Liability Coverage Underwriting Supplement questions, the Application states "No" in response to the question: "Has coverage ever been refused or canceled?"

18. The "No" answer in the Application to the question of whether coverage has ever been refused or canceled was an incorrect statement.

19. At the time that he signed the Application, Angel Estrada knew that one or more policies or coverage had been declined, canceled or non-renewed during the past three years.

20. At the time that he signed the Application, Angel Estrada knew that liquor liability coverage had been refused or canceled.

21. In an August 28, 2018 Examination Under Oath, Angel Estrada was asked the following question and gave the following answer:

> Q. Okay. And turning to page 11 of Exhibit 18, under Liquor Liability Coverage Underwriting Supplement, "Has coverage ever been - -" now, this is again for liquor liability coverage, "Has coverage ever been refused or cancelled," that's checked off no. Based upon the documents we have in front of us, you would agree with me that answer is not correct?
>
> A. Yes.

(Transcript p. 166, lines 14-21)

22. In the Liquor Liability Optional Coverage part, the Application states: "Annual sales this location: $35,000."

23. In the Business Segment/Classification Specific Questions, the Applications states: "Total alcohol sales: $35,000."

24. The answer of $35,000 in the Application for annual or total alcohol sales was an incorrect statement.

25. At the time that he signed the Application, Angel Estrada knew that annual or total alcohol sales was over $100,000.

26. In an August 28, 2018 Examination Under Oath, Angel Estrada was asked the following question and gave the following answer:

> Q. So back to my question: Your true alcohol sales were at least three times more than what is reflected in the application that you signed on March 21, 2017; is that correct?
>
> A. Yes.

(Transcript p. 166, lines 9-13).

27. In the Liquor Liability Coverage Underwriting Supplement questions, the Application states that Fiesta Mexicana was free of any prior liquor law violations.

28. The answer in the Application that Fiesta Mexicana was free of any prior liquor law violations was an incorrect statement.

29. At the time that he signed the Application, Angel Estrada knew that Fiesta Mexicana had entered into an Admission and Settlement Agreement with the Kentucky Department of Alcoholic Beverage Control admitting to liquor law violations that occurred on or about May 4, 2014 and January 25, 2015.

30. In an August 28, 2018 Examination Under Oath, Angel Estrada was asked the following question and gave the following answer:

Q. And free of any prior liquor law violations, and that's checked off yes that you are free of them. You would agree with me, based upon what we know, that that answer is incorrect?

A. Yes.

(Transcript p. 166, line 25 – p. 167, line 4).

31. The Application states (on page 4 above the Applicant's signature space): "THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THE APPLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE."

32. The above-described answers of Fiesta Mexicana in the Application were misrepresentations, omissions, or incorrect statements.

33. The above-described misrepresentations, omissions, or incorrect statements by Fiesta Mexicana in the Application were either (i) fraudulent or (ii) material either to the acceptance of the risk or to the hazard assumed by Grange in the Policy.

34. If the true facts had been made known to Grange as required by the Application and Kentucky law, Grange in good faith would either not have issued the Policy or would not have issued it at the same premium rate, or would not have provided liquor liability coverage in the Policy.

35. The above-described misrepresentations, omissions and incorrect statements by Fiesta Mexicana prevent any recovery by anyone under the Policy.

36. In an action styled *Ethel Richardson and Gerald Faulkner, Co-Administrators of the Estate of Seth Michael Richardson v. Fiesta Mexicana Restaurant of Corbin, KY, LLC d/b/a*

<small>

*Santa Fe Mexican Restaurant*, Civil Action No. 17-CI-00570 in Whitley Circuit Court, Plaintiffs are asserting a wrongful death claim against Fiesta Mexicana arising out of the alleged sale of alcoholic beverages to Seth Michael Richardson on or about August 15, 2017.

37. Under the terms of the Policy and Kentucky law, Grange is entitled to rescind the Policy and have it declared void *ab initio*.

38. All conditions precedent to the relief requested by Grange have been performed or have occurred.

39. There is an actual controversy existing between the Grange and Fiesta Mexicana concerning Grange's obligations, if any, to provide coverage under the Policy.

40. Grange has no adequate remedy at law and this is a proper case for the Court to exercise jurisdiction and declare rights and liabilities of the parties.

41. The judgment requested by Grange will serve a useful purpose in clarifying and settling the legal relations at issue.

42. The judgment requested by Grange will provide relief from the uncertainty, insecurity and controversy giving rise to this action.

43. Grange is entitled to entry of a judgment under Fed.R.Civ.P. 57 and 28 U.S.C. §§ 2201-2202 declaring that the Policy is rescinded and therefore void, *ab initio*, and ordering that that Grange be placed in the *status quo ante*.

44. Placing Grange in the *status quo ante* requires that Fiesta Mexicana pay to Grange all defense costs and expenses incurred by Grange in providing a defense to Fiesta Mexicana under the Policy.

WHEREFORE, Plaintiff, Grange Mutual Casualty Company, demands that judgment be entered against Defendant, Fiesta Mexicana Restaurant of Corbin, KY, LLC a/k/a Fiesta Mexicana of Corbin, KY, LLC, as follows:

1. Declaring that the Policy is void and rescinded and ordering that that Grange be placed in the *status quo ante*;

2. Awarding Grange its costs and attorneys fees if appropriate; and

3. Awarding Grange any and all other relief to which it may appear entitled.

Respectfully submitted,

s/Robert L. Steinmetz
Robert L. Steinmetz
rsteinmetz@gsblegal.com
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, KY  40202
(502) 618-5711 (phone)
(502) 618-5701 (fax)

*Counsel for Grange Mutual Casualty Company*

T:\STEINMETZ\GRANGE\Richardson v. Fiesta Mexicana\Complaint for Declaratory Relief.doc